IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FREDERICK GRAY, : | |
| Petitioner, : | |
| v. : | Civil Action No. 18-263-LPS |
| ATTORNEY GENERAL OF THE STATE : OF DELAWARE, : | |
| Respondents. : | |

## MEMORANDUM

In 2014, Petitioner Frederick Gray was convicted of attempted murder, possession of a firearm during the commission of a felony, possession of a firearm by person prohibited, possession of a weapon with no serial number, and resisting arrest. (D.I. 1 at 1) The Delaware Supreme Court affirmed his convictions on October 9, 2105. *See Gray v. State*, 126 A.3d 631 (Table), 2015 WL 5926151 (Del. Oct. 9, 2015).

Presently pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his 2014 convictions. (D.I. 1) Petitioner asserts he is pursuing post-conviction relief in the Delaware state courts. (D.I. 1 at 13)

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d

Cir. 1997). Given Petitioner's pursuit of post-conviction relief in the Delaware courts, the Court concludes that Petitioner has not yet exhausted state remedies for all of his federal habeas claims.[1]

Accordingly, the Court will summarily dismiss Petitioner's § 2254 Petition (D.I. 1) without prejudice, and dismiss his Motion to Stay (D.I. 3) as moot. The Court will also decline to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: March 26, 2018

UNITED STATES DISTRICT JUDGE

---

[1]Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period.